UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HARRY EDMOND REAVES,

                Plaintiff,

      -against-

THE CITY OF NEW YORK
(POLICE DEPARTMENT – 113 PCT),

                Defendants.
-----------------------------------------------------------X

C:\Alex files\Reaves v. NYC2.wpd

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 10 2005
P.M.
TIME A.M.

**MEMORANDUM AND ORDER**
05-CV-0031 (RJD)

DEARIE, J.

      In December 2004, plaintiff Harry Edmond Reaves brought this *pro se* action alleging, *inter alia*, that officers from the New York City Police Department's 113th Precinct illegally entered his apartment, assaulted him, falsely arrested him, and charged him with a fabricated drug offense. By order dated February 28, 2005, this Court directed plaintiff to amend his complaint to rectify certain deficiencies identified therein.

      Plaintiff has now submitted an Amended Complaint, in which he specifically identifies three police officers as defendants. The Amended Complaint clarifies that this action is brought pursuant to 42 U.S.C. § 1983 to recover "damages against these offices (sic) for an unlawful entry and using excessive force." Amended Complaint at p. 6. The Amended Complaint includes detailed allegations concerning one of the three officers – a Sgt. O'Hara – who is alleged to have entered plaintiff's apartment without a warrant, to have picked plaintiff up "by the neck," and to have "beat[] [him] with the back side of his hand." *Id.* at p. 5. The Amended Complaint is not as specific with respect to the actions of the other officers, stating only:

> These officers unlawfully entered my apartment without a warrant
> and used excessive force to remove me. These officers beat me
> and removed me from my apartment with no legal reason.



*Id.* at p. 6. Although the Amended Complaint does not specify who "these officers" are, this Court presumes that "these officers" include all of the officers named as defendants in the caption of the Amended Complaint. Therefore, the Amended Complaint appears to state a cause of action against the three named defendants for unlawful entry into plaintiff's apartment and for use of excessive force in effecting plaintiff's arrest.

The Amended Complaint suggests two other potential causes of action, but does not state a claim as to either one. First, the Amended Complaint states that, after his arrest, plaintiff was "denied any medical attention by these officers." *Id.* at p. 5. Although this allegation hints at a Fourteenth Amendment Due Process claim, based on the theory that the officers inflicted punishment without due process by denying plaintiff necessary medical care, the Amended Complaint does not allege acts or omissions demonstrating "'deliberate indifference' to a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976). If plaintiff is in fact seeking to raise this Due Process claim, he may request leave of this Court to further amend his pleading. *See* Fed. R. Civ. P. 15(a).

Second, the Amended Complaint states that "the City of New York has allowed these police officers to violate [plaintiff's] civil rights." Amended Complaint at p. 6. While the City of New York is not named as a defendant in the caption of the Amended Complaint, this language suggests that plaintiff may be seeking to impose liability on the City under a theory of *respondeat superior*. As noted in this Court's prior order in this case, *respondeat superior* cannot be used to establish municipal liability under § 1983. *Richardson v. Nassau County*, 277 F.Supp.2d 196, 204 (E.D.N.Y. 2003) (citing *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404-05 (1997)). Since the Amended Complaint does not suggest that the alleged constitutional violations by the officers resulted from a municipal policy or custom, the Amended Complaint

does not state a cause of action against the City of New York. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998); *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995).

Finally, the Amended Complaint includes a request "to preserve [plaintiff's] right to sue these officers for false arrest (and malicious prosecution)." Amended Complaint at p. 6. As this Court stated in its prior order in this case:

> In cases in which a favorable determination on a false arrest claim would undermine the validity of a plaintiff's conviction on charges arising from the arrest, a false arrest claim does not accrue until those criminal proceedings are terminated. *See, e.g., Covington v. City of New York*, 171 F.3d 117, 119 (2d Cir. 1999) ("If a favorable determination on the false arrest claim would in fact have undermined the validity of any potential conviction ... resulting from the state criminal proceedings, then [plaintiff's] false arrest claim would not accrue until those criminal proceedings terminated."); *Holder v. State of New York*, No. 98 Civ. 0354 (MBM), 1998 WL 744021, at *4 (S.D.N.Y. Oct. 26, 1998) ("[A] cause of action for false arrest does not accrue until a plaintiff has been cleared of the charges pending against him."). In this case, in which plaintiff's false arrest claim is predicated on the theory that the police "concocted" a drug transaction, a favorable determination on plaintiff's claim would obviously undermine the validity of the criminal proceedings relating to that drug transaction. * * * Thus, plaintiff['s] false arrest claim will not accrue until these drug charges are terminated.

Order of Feb. 28, 2005, at pp. 5-6. Since favorable termination of judicial proceedings is an element of a malicious prosecution claim, *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996), the malicious prosecution claim will also not accrue until the drug charges are terminated. Plaintiff will have three years from termination of the State court proceedings in his favor in which to bring a § 1983 action raising his false arrest and malicious prosecution claims. *See Owens v. Okure*, 488 U.S. 235, 251 (1989); *Paige v. Police Dept. of City of Schenectady*, 264 F.3d 197,

199, n.2 (2d Cir. 2001); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Covington v. City of New York*, 171 F.3d 117, 119 (2d Cir. 1999).

Conclusion

Since the Amended Complaint alleges that the three named defendants unlawfully entered plaintiff's apartment and used excessive force in effecting plaintiff's arrest, the Clerk of Court is directed to prepare a summons for these defendants. The United States Marshal Service is directed to serve a copy of the summons, plaintiff's complaint, and this Order upon the defendants without prepayment of fees. *See* 28 U.S.C. § 1915. This case is referred to Magistrate Judge Lois Bloom for all pretrial proceedings.

SO ORDERED.

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
May 9, 2005

4